## Schumacher v. Ploplis et al.

*Equity—Practice, equity—Cross-bill—Answer—Demurrer.*

1. A cross-bill is a bill brought by a defendant against the plaintiff, or original co-defendants, or against both.

2. A cross-cause of action in equity must be stated in the same form in which an original cause of action in equity is stated.

3. It is improper practice to set forth in an answer under the sub-caption "cross-bill" affirmative answers constituting a cross-cause of action. Such matter must be set forth in a cross-bill duly filed and served.

4. A demurrer does not lie in equity to determine the sufficiency of an answer. The sufficiency of an answer can only be attacked by exceptions under Equity Rules 42 to 45.

Demurrer to cross-bill incorporated in answer. C. P. Schuylkill Co., Sept. T., 1924, No. 2.

*E. D. Smith,* for plaintiff; *Joseph J. Brown,* for defendants.

Schumacher *v.* Ploplis.

BERGER, J., Oct. 6, 1924.—The plaintiff filed a bill in equity against the defendants, charging them with repeated acts of trespass on his real property, and obtained a preliminary injunction, which remains in force by the agreement of the parties, restraining the defendants from the commission of such further acts of trespass. The defendants made answer in due course to the plaintiff's bill, admitting, under the caption "Answer," the averments of the first paragraph of the bill, and denying the averments of the other eight paragraphs. In the answer under the caption entitled "Cross Bill," the defendants, in paragraphs 10 to 16 of the answer, both inclusive, aver facts which they contend are sufficient, if true, to entitle them to affirmative relief against the plaintiff, and, accordingly, they pray for such relief.

The plaintiff has filed no exceptions to the answer, which is endorsed "Answer and Cross Bill," but improperly treating the affirmative averments of the answer, under the caption "Cross Bill," as if brought upon the record by the filing of a cross-bill, has filed a pleading entitled "Demurrer by Plaintiff to Cross Bill by Defendants." The grounds of the demurrer are thus stated:

"1. The averments in the defendants' cross-bill are without relevancy to the question of the right of the plaintiff in the original bill to the relief for which he prays.

"2. That the averments contained in the cross-bill are not germane to the subject-matter in the original bill, and are without relevancy or bearing on the subject-matter of the original bill.

"3. That such averments in the cross-bill as may be relevant, if any, may be set up by way of answer, and, therefore, not the subject of a cross-bill.

"4. That upon the facts averred by the defendants in the cross-bill, they have a full, complete and adequate remedy at law for their complaint alleged in their cross-bill.

"5. That the defendants' cross-bill is an ejectment bill."

A cross-bill is a bill brought by a defendant against the plaintiff, or against co-defendants, or against both. It may be brought against parties not named in the original bill: 6 Brewster's Practice, page 663, § 5866. In a cross-bill, therefore, such as is here intended, one or more of the defendants named in the original bill may become the plaintiff or plaintiffs against the original plaintiff, named as the defendant, or against his or their original co-defendants, named as defendants, if their interest be adverse, or against both: Sears *v.* Scranton Trust Co., 228 Pa. 126, 137, 138.

A cross-cause of action in equity must be stated in the same form in which an original cause of action in equity is stated, and when new parties are introduced, they must be served in the manner provided for the service of original bills, but service on old parties may be made on their counsel: Equity Rule 40. Original bills and cross-bills are put at issue in precisely the same manner, and when at issue they may be heard separately or together, depending on the circumstances of each particular case: Randolph's Appeal, 66 Pa. 178, 183. The defendants' answer is not a cross-bill.

It is not necessary to determine in this proceeding whether the counter-allegations in the defendants' answer are sufficient to state a cross-cause of action against the plaintiff, because such an action may only be instituted by cross-bill; nor does a demurrer lie to determine the sufficiency of the answer, which may only be attacked by exceptions under Equity Rules 42 to 45, both inclusive. For the reasons stated, the demurrer is overruled.

And now Oct. 6, 1924, demurrer overruled.

From M. M. Burke, Shenandoah, Pa.